IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELLSHIRE FINANCIAL SERVICES, LLC, ET AL. | § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| TMX FINANCE LLC, ET AL. | § § | |

**NOTICE OF REMOVAL**

Defendants, TMX Finance LLC ("TMX Finance"), TMX Finance of Texas, Inc. ("TMX Finance of Texas"), and TitleMax of Texas, Inc. ("TitleMax of Texas") (collectively, "Defendants"), hereby remove the above-captioned action from the 152nd Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. Sections 1331, 1441, and 1446. Co-Defendant TMX Finance Holdings, Inc. ("Holdings") consents to this removal subject to its Special Appearance. Holdings does not consent to the Court's exercise of personal jurisdiction, and Holdings does not waive any available defenses under Rule 12(b), Federal Rules of Civil Procedure.

Removal is proper on the following grounds:

### I.   BACKGROUND

1.   Plaintiffs Wellshire Financial Services, LLC ("Wellshire") and Integrity Texas Funding, LP ("Integrity"), commenced this action in the 152nd Judicial District Court of Harris County, Texas on June 5, 2013 against Defendants, TMX Finance Holdings, Inc., Felix DeLeon, and Ishmael Hernandez. Plaintiffs non-suited their claims against Felix DeLeon and Ishmael Hernandez on June 25, 2013.

2. Plaintiff Meadowwood Financial Services, LLC ("Meadowwood") joined Wellshire and Integrity (collectively "Plaintiffs") in their claims against Defendants through Plaintiffs' Amended Petition and Request for Disclosure on May 30, 2014.

3. Defendants filed answers and appeared in the state court lawsuit. Holdings filed a Special Appearance objecting to the state court's personal jurisdiction over it. The state court denied Holdings' Special Appearance and Holdings appealed the state court's order. The Court of Appeals for the First District of Texas reversed the state court's denial of Holdings' Special Appearance and rendered judgment of dismissal of all claims October 11, 2016. Plaintiffs sought rehearing by the Court of Appeals, which was denied on March 23, 2017. Plaintiffs filed a petition for review with the Texas Supreme Court on May 5, 2017. The Texas Supreme Court has requested briefs on the merits (Petitioners' brief due October 2, 2017; Respondent's response brief due October 23, 2017; and Petitioners' reply brief due November 7, 2017) but stated the petition for review remains under consideration.

4. On July 28, 2017, Plaintiffs sought to amend the docket control order and a continuance of the September 18, 2017 trial setting. Defendants opposed the continuance. On August 16, 2017, which was two days before the deadline to amend pleadings pursuant to the docket control order, Plaintiffs filed their Third Amended Petition and Request for Disclosure. Plaintiffs' Third Amended Petition included a new claim pled against all Defendants: violation of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq*. On August 18, 2017, the Court orally granted Plaintiffs' request to amend the docket control order and continued the September 18, 2017 trial setting. A new trial setting and docket control order has not been entered.

5. Plaintiffs alleged a federal cause of action for the first time on August 16, 2017. Plaintiffs' Third Amended Petition also includes the following causes of action: misappropriation of

trade secrets, tortious interference with existing contracts, and tortious interference with prospective loan contracts and business relationships.

6.	TitleMax of Texas and TMX Finance of Texas have asserted counterclaims for tortious interference with existing contracts, tortious interference with prospective relations, conversion, theft of property, misappropriation of trade secrets, and unfair competition by misappropriation.

## II.	JURISDICTION

7.	This Court has original jurisdiction over this matter because Plaintiffs' Third Amended Petition invoked federal question jurisdiction.

8.	Plaintiffs assert that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Section 1961, *et seq.*, which is a federal law that creates a civil cause of action.

9.	Plaintiffs allege that Defendants fabricated a scheme to steal customers from Plaintiffs and that this scheme was invented at the highest levels of Defendants' corporate structure and filtered down to their employees and agents. Plaintiffs specifically allege Defendants falsely represented to resellers of records compiled by the Texas Department of Motor Vehicles ("DMV") that they intended to use the information for a statutorily-permitted purpose, pursuant to the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. Section 2721 et seq., and subsequently used that information to target Plaintiffs' customers with mailed solicitations. Plaintiffs allege the conduct of Defendants spans state lines to target Plaintiffs' customers, as it was directed from and approved by executives located in the State of Georgia and utilized the U.S. mail services. Defendants vigorously deny the new allegations in Plaintiffs' Third Amended Petition.

10.	This Court has federal jurisdiction over the dispute since the face of Plaintiffs' Third Amended Petition demonstrates that Plaintiffs' RICO claim is created by and therefore arises under federal law. Accordingly, the state court action is properly removed to this Court.

11. Plaintiffs' state law claims and the counterclaims brought by TitleMax of Texas and TMX Finance of Texas are also subject to removal under 28 U.S.C. Section 1367(a) because the claims all derive from a common nucleus of operative fact and are so related to Plaintiffs' federal claim that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a).

12. Plaintiffs' federal and state law claims all stem from alleged improper solicitations of Plaintiffs' customers through the use of DMV records allegedly obtained in violation of the DPPA.

### III. PROCEDURAL REQUIREMENTS

13. This action is properly removed to this Court because the state court action is pending within this district and division. 28 U.S.C. §§ 1441(a), 124(b)(2).

14. Plaintiffs filed their federal claim on August 16, 2017 through their Third Amended Petition. Thus, Defendants received "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable" on August 16, 2017. 28 U.S.C. § 1446(b)(3). Removal is timely because Defendants filed this Notice of Removal within thirty days after Defendants received notice that the case was one which had become removable. *See* 28 U.S.C. § 1446(b).

15. As required by 28 U.S.C. § 1446(a) and Local Rule 81 of the United States District Court for the Southern District of Texas, Defendants have attached the following to this Notice of Removal: (1) all executed process in this case; (2) all pleadings asserting causes of action and all answers to such pleadings; (3) all orders signed by the state judge; (4) the state court docket sheet; (5) an index of matters being filed; and (6) a list of all counsel of record, including addresses, telephone numbers, and parties represented.

16. As required by 28 U.S.C. Section 1446(d), almost immediately after the filing of this Notice of Removal, Defendants will file notice of this Notice of Removal in the 152nd Judicial District of Harris County, Texas.

17. Defendants consent to the removal of the state court action to federal court. Holdings consents to the removal subject to its Special Appearance. Holdings does not consent to the Court's exercise of personal jurisdiction, and Holdings does not waive any available defenses under Rule 12(b), Federal Rules of Civil Procedure.

## IV. CONCLUSION

18. Defendants remove this action from the 152nd Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division so that the Court may assume jurisdiction over the case as provided by law.

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ L. Bradley Hancock
L. Bradley Hancock (Attorney-in-Charge)
S.D. Admission No. 21091
State Bar No. 00798238
Jeffrey D. Anderson (Of Counsel)
S.D. Admission No. 2338755
State Bar No. 24087100
1100 Louisiana Street, Suite 4300
Houston, TX 77002
713.244.6868
brad.hancock@hklaw.com
jeffrey.anderson@hklaw.com

GREENBERG TRAURIG LLP

Roland Garcia, Jr. (Of Counsel)
S.D. Admission No. 8420
State Bar No. 07645250
1000 Louisiana Street, Suite 1700
Houston, TX 77002
713.374.3500
garciar@gtlaw.com

ATTORNEYS FOR DEFENDANTS TMX FINANCE OF TEXAS, INC.; TITLEMAX OF TEXAS, INC.; AND TMX FINANCE LLC

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing were forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on the 14th day of September, 2017.

Daniel Johnson
Juan Garcia
JOHNSON GARCIA LLP
7324 Southwest Fwy, Suite 545
Houston, TX 77074
Telephone:  832-844-6460
Facsimile:  832-844-6868
daniel@johnsongarcialaw.com
juan@johnsongarcialaw.com

Joseph D. Wargo
John C. Matthews
Dustin S. Sharpe
WARGO & FRENCH LLP
999 Peachtree Street, N.E., 26th Floor
Atlanta, GA 30309
Telephone:  404-853-1500
Facsimile:  404-853-1501
jwargo@wargofrench.com
jmatthews@wargofrench.com
dsharpes@wargofrench.com

Jeffrey N. Williams
jwilliams@wargofench.com
1888 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone:  310-853-6300
Facsimile:  310-853-6333

                                              */s/ L. Bradley Hancock*
                                              L. Bradley Hancock