IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELLSHIRE FINANCIAL SERVICES, | § | |
| LLC, d/b/a LOANSTAR TITLE LOANS, | § | |
| d/b/a MONEYMAX TITLE LOANS, and | § | |
| d/b/a LOANMAX; MEADOWWOOD | § | |
| FINANCIAL SERVICES, LLC, d/b/a | § | |
| LOANSTAR TITLE LOANS, and d/b/a | § | |
| MONEYMAX TITLE LOANS; and | § | |
| INTEGRITY TEXAS FUNDING, LP, | § | Case No. 4:17-cv-02786 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| TMX FINANCE HOLDINGS, INC.; | § | |
| TMX FINANCE, LLC; | § | |
| TMX FINANCE OF TEXAS, INC.; and | § | |
| TITLEMAX OF TEXAS, INC., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING RULING
ON MOTION TO REMAND AND REQUEST FOR EXPEDITED CONSIDERATION**

Plaintiffs Wellshire Financial Services, LLC d/b/a LoanStar Title Loans, d/b/a MoneyMax Title Loans, and d/b/a LoanMax; Meadowwood Financial Services, LLC, d/b/a LoanStar Title Loans, and d/b/a MoneyMax Title Loans; and Integrity Texas Funding, LP (collectively, "LoanStar") hereby file this Motion to Stay Proceedings Pending Ruling on Motion to Remand and Request for Expedited Consideration and respectfully show as follows:

1.      TitleMax removed the present action to Federal Court shortly after arguing and obtaining unfavorable rulings on its own motions for summary judgment and to purportedly enforce a then-existing case management order.  After the removal papers were filed, this Court set an initial pretrial and scheduling conference for February 6, 2018.  Shortly thereafter, Plaintiffs filed its Motion to Remand and for Sanctions Based on Improper Removal (Dkt. #8) ("Motion to

Remand"), demonstrating that TitleMax waived its right to remove and requesting that this matter be returned to state court.  The Motion to Remand remains pending.

2.      On January 3, 2018, TitleMax informed LoanStar that it intends to file numerous substantive motions prior to this Court's ruling on the Motion to Remand, including two Daubert motions and a motion to overrule the trial court's imposition of a discovery sanction against Defendants.  As an Order of Remand would moot all of these potential motions as well as the need for the Initial Conference, and to avoid unnecessarily burdening the parties and Court, LoanStar respectfully requests that this Court stay all proceedings, including the Initial Conference and LoanStar's time to respond to any motions filed by TitleMax, until the Court rules on the Motion to Remand.

3.      Furthermore, LoanStar respectfully requests expedited consideration of this Motion because LoanStar understands that TitleMax's motions will be filed imminently, will require substantial time and expense in responding to such motions, and such efforts will be unnecessary if the case is remanded to State Court.

4.      "A district court has the inherent power to stay cases to control its docket and promote efficient use of judicial resources."  *Coker v. Select Energy Services, LLC*, 161 F. Supp. 3d 492, 494-95 (S.D. Tex. 2015).  "When deciding whether to grant a stay, the [c]ourt weighs competing interests and balances competing hardships."  *Trahan v. BP*, No. CIV.A. H-10-3198, 2010 WL 4065602, at *1 (S.D. Tex. Oct. 15, 2010).

5.      Texas District Courts frequently stay cases pending a ruling that will determine whether the case is remanded or transferred to a different court – as this Court's ruling on the Motion to Remand will determine.  *See Rezko v. XBiotech Inc.*, No. A-17-CA-00734-SS, 2017 WL 4544683, at *1-*2 (W.D. Tex. Oct. 6, 2017) (granting motion to stay case pending outcome of

Supreme Court case that would determine whether case should be remanded to state court); *St. Lucie County Fire Dist. Firefighters' Pension Tr. Fund v. Sw. Energy Co.*, No. 4:16-CV-3569, 2017 WL 3994938, at *1 (S.D. Tex. Sept. 5, 2017) (same); *Trahan*, 2010 WL 4065602, at *1-*2 (staying case pending Judicial Panel on Multidistrict Litigation's determination regarding whether to transfer case to multidistrict litigation in Eastern District of Louisiana).

6.      Moreover, Texas District Courts have even encouraged parties to move to stay proceedings while a motion to remand is pending by refusing to award attorneys' fees for legal costs that could have been avoided by moving for a stay.  *See Konipolas v. TXS United Hous. Program, Inc.*, No. 3:17-CV-0042-G, 2017 WL 1709697, at *3 (N.D. Tex. May 3, 2017) (in determining amount of attorneys' fees to be awarded to plaintiffs due to defendant's improper removal, court declined to include cost of preparing certain briefs, in part, because plaintiffs "did not move to stay [such] briefing . . . pending the Court's decision on [the] motion to remand"); *W. Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-CV-565-L, 2016 WL 7735761, at *6-*7 (N.D. Tex. Dec. 28, 2016), *report and recommendation adopted*, 3:16-CV-565-L, 2017 WL 118864 (N.D. Tex. Jan. 12, 2017) (same).

7.      As a threshold matter, a stay is appropriate here because TitleMax removed this action after unconditionally waiving its right to do so.  Specifically, at an August 18, 2017 hearing in state court, after TitleMax had the opportunity to remove this action, TitleMax insisted on arguing its motion for summary judgment and other substantive motions despite offers from LoanStar and the state court judge to postpone the hearing.  It was only after TitleMax argued and lost its motion for summary judgment and other substantive motions heard at the August 18 hearing that it filed papers removing the case.  Given this conduct, TitleMax's removal is unequivocally improper because it is black letter law that a defendant waives the right to remove by pursuing and

seeking a ruling on a motion for summary judgment or other substantive motion in state court after the case becomes removable – which is exactly what TitleMax did here.  *See Dougherty v. Petco Sw., Inc.*, No. 4:10-CV-0133, 2010 WL 2231996, at *6 (S.D. Tex. May 28, 2010) ("Filing and participating in a hearing on a summary judgment motion is sufficient to show a clear intent to have the state court decide the merits of the case and is sufficient to waive a right to remove."); *see also* Motion to Remand at 8-9 (citing additional cases).

8.     Given the pending Motion to Remand, allowing TitleMax to litigate prior to remand (instead of issuing a stay) will waste the resources of LoanStar and this Court.  Indeed, any motions that TitleMax files will likely become moot on remand, and any resources expended by LoanStar and this Court responding to such motions will be unnecessary time and expense.

9.     This Court should also issue a stay to prevent TitleMax from improperly using removal as a tool to engage in forum shopping.  For example, prior to removal, TitleMax filed a motion in the state court to end a particular discovery sanction the state court imposed on TitleMax requiring an independent third-party to re-do TitleMax's document production, because TitleMax had failed to produce crucial, "smoking gun" documents, even though those documents contained numerous search terms and were known to counsel in a class-action involving related claims.  The state court denied TitleMax's motion and kept the sanction in place.  Now, unhappy with the state court's sanction and decision to uphold that sanction, TitleMax has stated it intends to file *another* motion to end the sanction in this Court.  If TitleMax files such a motion, they would effectively be using removal to seek appellate review of the trial court's well-reasoned sanction of TitleMax's bad-faith discovery conduct.

10.    Finally, if the Court remands and grants LoanStar's request for sanctions due to improper removal, a stay will decrease the amount of billable time and fees that the Court has to

4

review as part of its loadstar analysis.  *See W. Healthcare*, 2016 WL 7735761, at *2-*8 (describing and conducting lodestar analysis).  Indeed, a stay will also minimize TitleMax's potential exposure for monetary sanctions, evidence that a stay may ultimately *help* TitleMax.

11.     In sum, allowing the parties to litigate the case before the Court rules on LoanStar's Motion to Remand will prejudice LoanStar and waste the resources of the parties and this Court without providing any meaningful benefit.  Conversely, staying the case will ensure that such waste and prejudice does not occur.

WHEREFORE, LoanStar respectfully requests that this Court **(1)** give expedited consideration to this Motion to Stay, and **(2)** stay all proceedings, including the initial pretrial and scheduling conference set for February 6, 2018 (*see* Dkt. #4) and LoanStar's time to respond to any motions filed by TitleMax, until the Court rules on LoanStar's October 12, 2017 Motion to Remand and for Sanctions Based on Improper Removal (Dkt. #8).

DATED:  January 8, 2018                Respectfully submitted,

**JOHNSON GARCIA LLP**

By:   */s/ Daniel Johnson*
         Daniel Johnson (SBN 24046165)
         Juan C. Garcia (SBN 24045914)
     Two Arena Place
     7324 Southwest Fwy, Suite 545
     Houston, Texas 77074
     Telephone:  (832) 844-6460
     Facsimile:  (832) 844-6868
     E-mail:  daniel@johnsongarcialaw.com
     E-mail:  juan@johnsongarcialaw.com


*Attorneys for Wellshire Financial Services, LLC, d/b/a LoanStar Title Loans, d/b/a MoneyMax Title Loans, and d/b/a LoanMax; Meadowwood Financial Services, LLC, d/b/a LoanStar Title Loans, and d/b/a MoneyMax Title Loans; and Integrity Texas Funding, LP*

## CERTIFICATE OF CONFERENCE

On January 5, 2018, counsel for movants conferred with TMAX's counsel in regards to the

foregoing motion and was told that the relief in the motion would be opposed.

*/s/ Daniel Johnson*
Daniel Johnson

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion to Stay Proceedings Pending

Ruling on Motion to Remand and Request for Expedited Consideration has been forwarded to all

counsel of record in accordance with the Federal Rules of Civil Procedure, on this 8th day of

January, 2018.

L. Bradley Hancock
Holland & Knight LLP
1100 Louisiana Street, Suite 4300
Houston, TX 77002

Roland Garcia, Jr.
Greenberg Traurig LLP
1000 Louisiana Street, #1700
Houston, TX 77002

*Attorneys for Defendants*
*TMX Finance LLC,*
*TMX Finance of Texas, Inc. and*
*TitleMax of Texas, Inc.*

*/s/ Daniel Johnson*
Daniel Johnson