IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELLSHIRE FINANCIAL SERVICES, LLC, ET AL., | § § § | |
| Plaintiff, | § § | |
| V. | § | CIVIL ACTION NO. H-17-2786 |
| TMX FINANCE, ET AL., | § § § | |
| Defendants. | § | |

## ORDER

Before the Magistrate Judge upon referral from the District Judge is Plaintiffs' Motion for Leave to File Fourth Amended Complaint and Re-Issue Summons to Defendant TMX Holdings, Inc. (Document No. 101) and Defendants' Opposed Motion for Leave to Amend Fourth Amended Counterclaim (Document No. 103). Defendant has filed a response in opposition to Plaintiffs' Motion for Leave, but Plaintiffs have not, to this date, filed a response to Defendants' motion. Both motions (Document No. 101 are 103) are GRANTED for the reasons that follow.

Close to a year ago, this case, that had been pending in state court since 2013, was removed by Defendants, upon the pleading by Plaintiffs of a federal RICO claim. In May, 2018, a scheduling conference was held and a Scheduling Order entered that set forth a deadline of June 30, 2018, for the filing of motions for leave to amend and join new parties. Under that scheduling order, both motions, are timely.

As for Defendants' opposition to Plaintiffs' motion for leave to amend, that opposition is based primarily on the argument that Plaintiffs should not be allowed to join Defendant TMX Finance Holdings, Inc., TMX Finance Holdings, Inc. having been dismissed on personal jurisdiction

grounds prior to removal. But, as pointed out by Plaintiffs in their motion, personal jurisdiction over a Defendant against whom a federal RICO claim is alleged is judged differently. RICO, 18 U.S.C. § 1965(b), provides for nationwide service of process, and the "Fifth Circuit has held that 'when a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States.'" *Harvest Nat. Res., Inc. v. Garcia*, No. CV H-18-483, 2018 WL 2183968, at *3 (S.D. Tex. May 11, 2018) (quoting *Busch v. Buchman, Buchman & O'Brien*, 11 F.3d 1255, 1258 (5th Cir. 1994)). That means, for purposes of this case, that TMX Finance Holdings, Inc. *can* be made a party notwithstanding its dismissal, on personal jurisdiction grounds, prior to removal. Whether TMX Finance Holdings, Inc. *should* be made a party is a different question.

As mentioned above, this case was removed from state court upon Plaintiffs' assertion of a RICO claim. Defendants, with their proposed Fourth Amended Counterclaim, also seek to assert RICO claims against Plaintiffs. With RICO being the sole basis for jurisdiction, and both sides seeking to pursue RICO claims, efficiency and judicial economy weigh in favor of allowing both sides to amend their pleadings. That may leave, as Defendant suggests, a dichotomoy between claims that can and cannot be asserted against TMX Holdings, Inc. given the personal jurisdiction issues that were raised and ruled on in state court, but that is not a sufficient reason, standing alone, to preclude Plaintiffs from joining a potentially important Defendant to their RICO claim. As such, to allow both sides a full and fair opportunity to assert their competing RICO claims, Plaintiffs' Motion for Leave to File Fourth Amended Complaint and Re-Issue Summons to Defendant TMX Holdings, Inc. (Document No. 101) and Defendants' Opposed Motion for Leave to Amend Fourth

2

Amended Counterclaim (Document No. 103) are both GRANTED.[1]

To streamline consideration of both sides' RICO claims, which are subject to heightened pleading standards, each side shall, within fourteen days after the entry of this Order, file a RICO case statement that includes the facts that support a civil claim under 18 U.S.C. §§ 1961-1968. The facts must be pleaded under Rule 11. The statement shall use this outline.

<u>REPEAT THE QUESTION BEFORE GIVING YOUR ANSWER.</u>

1. <u>Parties</u>.

    a. Name each defendant and explain the specific misconduct or the factual basis of liability.

    b. Name all non-party wrongdoers and explain the misconduct of each.

    c. Name the plaintiffs and describe the injury to each.

2. <u>Racketeering Activities</u>. Describe the pattern of racketeering activities for each claim.

    a. List the specific statutes violated and the particular facts for each.

    b. Provide the dates, name the participants, and provide a description of the facts for each predicate act.

    c. If the predicate act is wire, mail, or securities fraud, state with particularity the circumstances of the fraud; identify the time, place, and content of the misrepresentations and to whom they were made.

    d. State whether there has been a criminal conviction for the predicate acts.

---

[1] Also pending is Defendants' Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings (Document No. 12), in which Defendants seek dismissal of Plaintiffs' claims for tortious interference. While the filing of Plaintiffs' Fourth Amended Complaint does not appear to change the allegations relative to Plaintiffs' tortious interference claims, because Plaintiff has been granted leave to amend, Defendants' Rule 12(c) Motion for Judgment on the Pleadings should be amended or re-filed to align with Plaintiffs' amended pleading. Defendants shall therefore amend or re-file their Rule 12(c) motion within fourteen (14) days after the entry of this Order, and the current motion (Document No. 12) is DENIED without prejudice to being re-filed.

e. State whether any of the predicate acts have been the basis of a judgment in civil litigation.

f. Describe how the predicate acts form a pattern of racketeering activity.

g. State how the predicate acts relate to each other as part of a common plan.

3. <u>Enterprise</u>. Describe the enterprise for each claim.

   a. Provide the names of the individuals, partnerships, corporations, associations, or other entities that make up the enterprise.

   b. Describe the organization, purpose, function, and course of conduct of the enterprise.

   c. State whether the defendants are employees, officers, or directors of the enterprise or its components.

   d. Explain how the defendants are, in any other way, associated with the enterprise.

   e. Explain whether the defendants are individuals or entities separate from the enterprise, whether the defendants are the enterprise, or whether the defendants are members of the enterprise.

   f. If the defendants are the enterprise or its members, explain whether the defendants are perpetrators, passive instruments, or victims of the racketeering activities.

4. <u>Enterprise-Racketeering Nexus</u>.

   a. Explain whether the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

   b. Describe the relationship between the racketeering activity and the enterprise; explain how the racketeering activity differs from the regular business of the enterprise.

   c. Describe what benefits the enterprise receives from the racketeering activity.

5. <u>Section 1962 Sub-sections</u>.

   a. If the complaint alleges a violation of § 1962(a), state who received the income derived from the pattern of racketeering activity and describe how the income was used or invested.

4

b.  If the complaint alleges a violation of § 1962(b), describe the acquisition or maintenance of interest in or control of the enterprise.

c.  If the complaint alleges a violation of § 1962(c), state who is employed or associated with the enterprise and whether the same entity is both the liable person and enterprise under § 1962(c).

d.  If the complaint alleges a violation of § 1962(d), describe the conspiracy.

6. Interstate Commerce. Describe how the racketeering activities of the enterprise affect interstate commerce.

7. Damages.

a.  Describe any injury to business or property.

b.  Explain the causal relationship between the injury and the violation of § 1962.

c.  List the damages sustained due to violation of § 1962, and indicate the amount for which each defendant is responsible factually.

8. Other Claims.

a.  List all other related federal causes of action and provide citations to statutes.

b.  List all supplemental or pendent claims.

9. Additional Information. List all related or parallel litigation, and provide any additional information that you think would be helpful in processing the RICO claim.

Signed at Houston, Texas, this 24th day of July, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

5